Orfelindo Cordero RAMIREZ, Plaintiff,

v.

PRIDE DEVELOPMENT AND CONSTRUCTION Corp., et al., Defendants.

Pride Development and Construction Corp., et al., Third–Party Plaintiffs,

v.

Muna Contracting Corporation, Third–Party Defendant.

No. 06–CV–0475 (ARR)(JO).

United States District Court, E.D. New York.

July 18, 2007.

Kevin Concagh, New York, NY, for Plaintiff.

Suzanne M. Halbardier, Barry McTiernan & Moore, New York, NY, for Defendants/Third Party–Plaintiffs.

Heidi M. Weiss, Jacobwitz, Garfinkel & Lesman, Michael J. Pearsall, Law Office of Edward Garfinkle, New York, NY, for Third–Party Defendant.

### ORDER

ROSS, District Judge.

I have received the Report and Recommendation on the instant case dated June 25, 2007 from the Honorable James Orenstein, United States Magistrate Judge, regarding an *in limine* motion filed by plaintiff Orfelin-

do Cordero Ramirez on May 23, 2007. No objections have been filed. Accordingly, the court has reviewed the Report and Recommendation for clear error on the face of the record. *See* Advisory Comm. Notes to Fed. R.Civ.P. 72(b); *accord Edwards v. Town of Huntington,* No. 05 Civ. 339(NGG)(AKT), 2007 WL 2027913, at *2, 2007 U.S. Dist. LEXIS 50074, at *6 (E.D.N.Y. July 11, 2007); *McKoy v. Henderson,* No. 05 Civ. 1535(DAB), 2007 WL 678727, at *1, 2007 U.S. Dist. LEXIS 15673, at *1 (S.D.N.Y. March 5, 2007). Having reviewed the record, I find no clear error. On the contrary, the Report and Recommendation is well-reasoned and persuasive. I hereby adopt the Report and Recommendation, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

Therefore, plaintiff's *in limine* motion is denied to the extent that it seeks to preclude testimony by a witness for third-party defendant Muna Contracting Corporation ("Muna"). As an alternative form of relief, the court will instruct the jury that it may draw an adverse inference against Muna as set forth in Magistrate Judge Orenstein's Report and Recommendation. *See* R & R at 5.

SO ORDERED.

**REPORT AND RECOMMENDATION**

JAMES ORENSTEIN, United States Magistrate Judge.

On May 23, 2007, plaintiff Orfelindo Cordero Ramirez ("Ramirez") filed a letter motion requesting an order precluding third-party defendant Muna Contracting Corporation ("Muna") from introducing certain evidence at trial. For the reasons set out below, I deny the motion to the extent it seeks to preclude a witness, but to the extent it seeks a lesser alternative remedy, I conclude that the jury should be instructed that it may draw an adverse inference against Muna, as described more fully below. While ordering such relief is arguably within the scope of my authority, I believe it is better decided as final matter by the district judge who will preside at the trial and will have the responsibility to determine appropriate jury in-

structions; as a result, I merely recommend rather than order the relief I deem appropriate.

I. *Background*

Ramirez filed this personal injury action in the Southern District of New York against defendants Pride Development & Construction Corp. ("Pride Development"), 335 Warren St., LLC ("Warren St."), and Glen Chin ("Chin"). Ramirez seeks compensation for injuries allegedly sustained while working at a construction site due to the defendants' negligence. *See* DE 16 (Complaint). After the case was transferred to this court on January 30, 2006, DE 1, the defendants filed a third-party complaint against Muna, a contractor hired to perform work at the construction site. DE 20. The defendants claim that Muna employed Ramirez and that his damages, if any, must be paid by Muna.

Discovery in this case has been hampered by the inability of the parties to identify conclusively those present at the construction site on the day of the alleged accident. Ramirez testified at his deposition that he fell approximately 15 feet from a ladder while working on the job site, and that defendant Chin—whom he says was present at the scene along with other workers employed by Muna and Pride Development—took Ramirez to the hospital. DE 34 at 1. Defendant Chin, however, testified at a deposition

> that he was not present at the construction site on the day of the accident, that he was told by ... [Muna]'s principal that the accident did not happen, that he did not take [Ramirez] to the hospital, that he did not know [Ramirez], and ... that [Ramirez]'s testimony was a complete fabrication.

*Id.* at 2. After a status conference held on February 27, 2007, I directed the parties to "provide disclosures of all information relating to the identity and employment records of all persons who were at the job site where the plaintiff claims to have been injured" by March 2, 2007. DE 40.

Ramirez subsequently filed a letter on March 21, 2007, claiming that Muna had failed to produce the names and addresses of its employees present at the construction site

on the date of the alleged accident. DE 34. Muna's counsel responded that it had indeed identified the names of "the Muna employees who were present at the work site on the date of the accident." DE 44. From later filings, it appears that Muna has identified one employee present at the construction site around the time of Ramirez's accident, and that witness denies that Ramirez was a the construction site on the date of his alleged injury. DE 52. At the March 29, 2007 status conference, in a continuing effort to resolve the factual dispute over what parties were present on the date of Ramirez's alleged injury, I directed the parties to "confer and agree on a relevant period of time surrounding that date for which Muna should provide information about workers who were present." DE 46. At a telephone conference held on April 18, 2007, Muna was still unable to identify which of its employees were present at the job site around the date of the accident, and I ordered that "[t]o the extent that Muna's failure to keep required records about its employees has frustrated the parties' ability to obtain relevant information in discovery ... the plaintiff may seek appropriate relief pursuant to Rule 37, provided he does so before the close of the discovery period." DE 49.

On May 23, 2007, two days before the close of discovery, Ramirez filed the instant letter motion. DE 51. Ramirez alleges—and Muna concedes—that Muna's workers at the construction site in question were paid in cash and that there were no records kept of their names or addresses. *Id.* at 2. Ramirez argues that Muna's failure to maintain employee wage and hour records as required by New York Law deprives Ramirez of access to witnesses who might otherwise corroborate that he was in fact present at the job site on the date of his alleged injuries and that Muna should therefore be precluded from introducing evidence to rebut Ramirez's claim on this issue. *Id.* (citing N.Y. Lab. Law 195). Although Ramirez's motion does not cite to any case law or to the Federal Rules of Civil Procedure, I view it as a motion under Rule 37 of the Federal Rules of Civil Procedure ("Rule 37").

Muna contends that preclusion is unwarranted because it "has already produced the names and last known addresses of those workers who were present at the site on the date of the accident as previously ordered by this court." DE 52. It adds that "even were Muna able to produce the names and additional witnesses present at the time of the accident, (assuming they even exist) such witnesses would not resolve the factual question already presented." *Id.* Finally, Muna argues that because Ramirez himself gave false name, address, and social security number information to Muna at the time of his employment "it is highly unlikely that any other workers [employed by Muna] at the site would have given sufficient information to enable the plaintiff to locate them now." *Id.* Muna suggests that, rather than precluding the testimony of the one employee it has identified as being present at the construction site on the day of the alleged accident— an employee who, not surprisingly, supports Muna's position that Ramirez was not at work on the day in question—this issue should be resolved by precluding the introduction of any employment records that have not yet been produced, or by a jury charge. *Id.*

## II. *Discussion*

■■■■ Spoliation occurs when a party fails to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See, e.g., West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir.1999). A party seeking sanctions for spoliation has the burden of proving that the alleged spoliator had an obligation to preserve evidence, acted culpably in destroying it, and that the evidence would have been relevant to the aggrieved party's case. *See Occhino v. Citigroup Inc.,* 2005 WL 2076588, at *11 (E.D.N.Y. Aug.26, 2005) (citing *Golia v. Leslie Fay Co., Inc.,* 2003 WL 21878788, at *9 (S.D.N.Y. Aug.7, 2003)). Here, although the parties agree that Muna was under an obligation to keep employment records pursuant to New York Labor Law, the evidence suggests that Muna did not destroy any such records, but rather never created them. Because there is no proof that Muna destroyed employment records—culpably or other-

wise—I find spoliation analysis inapposite to the instant dispute.

That Muna's actions cannot be described as spoliation, however, does not end the analysis. Muna's arguments in opposition to the motion evade the relevant issue. The parties to this case have a factual dispute about what happened at the time of the accident, and they disagree about who was present to witness it (or to testify that no such accident occurred at the work site). As a result of Muna's misconduct, and for no other reason, an impartial fact-finder will be hindered in its task of resolving those questions by hearing from witnesses with relevant information. One of the parties in this litigation will have to bear the burdens associated with the fact that potential witnesses are not available to corroborate or contradict Ramirez's version of events, and it seems fair that that party should be the one that—for good reasons or bad—is most responsible for the witnesses' unavailability. Muna having created that impediment to accurate fact-finding, it should likewise bear the associated risks.

Granting the relief that Ramirez seeks would accomplish the goal of making Muna bear the risk created by its misconduct, but it would also be a windfall for the plaintiff. The testimony of Muna's witness may or may not be truthful, but it is in any event relevant. I believe that a more appropriate remedy is that trial court should instruct the jury as follows: (1) Muna had exclusive access to the identities of its employees at the construction site whom Ramirez could have called as witnesses in this case; (2) Muna's unlawful failure to maintain required employment records has deprived Ramirez of the ability to call such witnesses; and (3) the jury may infer that the testimony of such witnesses would have supported Ramirez's version of the relevant facts if they find such a scenario plausible based on the evidence presented. *See, e.g., Vodusek v. Bayliner*

*Marine Corp.*, 71 F.3d 148, 156–57 (4th Cir. 1995) ("... the mere failure, without more, to produce evidence that naturally would have elucidated a fact at issue permits an inference that 'the party fears [to produce the evidence]; and this fear is some evidence that the ... witness, if brought, would have exposed facts unfavorable to the party.'") (citing 2 Wigmore on Evidence § 285, at 192 (Chadbourn rev.1979)).

### III. *Recommendation*

For the reasons set out above, I deny Ramirez's motion to preclude the testimony of Muna's witness. However, as an alternate form of relief, I respectfully recommend that the trial court instruct the jury that it may draw an adverse inference against Muna as described above.[1]

### IV. *Objections*

Any objection to this Report and Recommendation must be filed no later than July 13, 2007. Any requests for an extension of time for filing objections must be directed to the assigned District Court Judge. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52 (2d Cir.1996).

**SO ORDERED.**

---

1. If Muna successfully objects to such relief, see Fed.R.Civ.P. 72(b), I will consider a renewed application for an order precluding Muna from offering its witness's testimony at trial. While I believe that such relief would provide a greater remedy than is warranted under the circumstances, fairness requires some remedy that effectively insulates Ramirez from the consequences of Muna's misconduct. To the extent that the adverse inference I recommend is deemed inappropriate, the absence of any alternative remedy—other than witness preclusion—would change the balance of equities and might therefore warrant the relief that Ramirez now seeks.